UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, <br> Plaintiff, <br> v. <br> JEFFREY W. HORNER, et al., <br> Defendants. | Case No. 18-cv-05903-VC <br><br> **ORDER OF DISMISSAL WITH PREJUDICE** |

Petitioner Steven Wayne Bonilla is a state prisoner who has filed a document labelled "Void Judgment, Fraud Upon the Court," that the Clerk has designated as a pro se petition for a writ of mandamus. The petition is against two Alameda County Superior Court judges about Bonilla's underlying criminal case. Bonilla has been disqualified from proceeding in forma pauperis under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing. Therefore, he may not proceed in forma pauperis. Furthermore, he may not proceed even if he pays the filing fee because this court lacks jurisdiction to issue a writ of mandamus. *See* 28 U.S.C. § 1361. Section 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This Court cannot issue an order to the state court judges because they are not officers, employees or agencies of the United States.

Furthermore, the relief Plaintiff seeks pertains to his ongoing attempts to invalidate his state criminal conviction. Therefore, such claims, if raised, must be brought by Bonilla's counsel in his pending federal habeas corpus action, *Bonilla v. Ayers*, No. C 08-0471 YGR (PR).

This is not a case in which the undersigned judge's impartiality might be reasonably questioned. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

Accordingly, this action is dismissed with prejudice because amendment would be futile. The Clerk shall close the case. The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated: October 10, 2018

_____
VINCE CHHABRIA
United States District Judge